IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TEKISHA ROUSSEAUX CASTELLANOS,

        Plaintiff,

v.                                                  No. 1:23-cv-00061-JHR

DARRYL MORELAND and
DLM COLLISION,

        Defendants.

### ORDER TO CURE DEFICIENCY AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 23, 2023 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 23, 2023.

**Order to Cure Deficiency**

Plaintiff filed her Application to Proceed in District Court Without Prepaying Fees or Costs but did not sign the Affidavit in Support of the Application, which is on the first page of the Application. The Court must strike the Application if Plaintiff does not promptly sign the Affidavit:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record ... or by a party personally if the party is unrepresented ... The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

Plaintiff shall, within 21 days of entry of this Order, sign the Affidavit in Support of her Application to Proceed in District Court Without Prepaying Fees or Costs. Failure to timely sign the Affidavit may result in the Court striking Plaintiff's Application.

**Order for Amended Complaint**

Defendant Darryl Moreland is the owner of Defendant DLM Collision. *See* Complaint at 1. Plaintiff alleges that she had her car towed to Defendants to repair damages suffered in a car accident. *See* Complaint at 2. Plaintiff alleges that Defendant Moreland "allowed federal agents on his property and allowed the agents to search seize destroy and dismantle" her car. Complaint at 2. Plaintiff asserts claims for violation of her Fourth Amendment right to be secure against unreasonable searches and seizures, for violation of her Fourteenth Amendment rights of privacy, due process and equal protection of the law, and for violation of her Eighth Amendment rights regarding excessive bail, excessive fines and cruel and unusual punishments.[1] See Complaint at 3-4.

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Complaint fails to state a claim pursuant to Section 1983 because there are no allegations that Plaintiff was deprived of federally protected rights by state actors. The Complaint alleges that "federal agents" searched and damaged Plaintiff's car. Because Plaintiff is proceeding *pro se*, the Court liberally construes the Complaint as asserting

---

[1] It is not clear which Eighth Amendment rights Plaintiff asserts Defendant violated because it appears that some of the "Supporting Facts" on page 4 of the Complaint have been truncated. It is Plaintiff's responsibility to ensure that she files a complete amended complaint.

*Bivens* claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).

The Complaint fails to state a claim upon which relief can be granted pursuant to *Bivens*. "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the U.S. Supreme 'Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)). There are no allegations indicating that Defendants were federal actors.

Plaintiff asserts the Court has jurisdiction pursuant to 18 U.S.C. § 2331(5) [definition of "domestic terrorism"] and 18 U.S.C. § 3117(b) [authorizing courts to issue warrants and orders for installation of a mobile tracking device]. *See* Complaint at 2. The Complaint fails to state a claim pursuant to 18 U.S.C. § 2331(5) and 18 U.S.C. § 3117(b), both of which are criminal statutes, because "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Plaintiff filed an Application to proceed *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). While the Complaint

can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**