IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TEKISHA ROUSSEAUX CASTELLANOS,

        Plaintiff,

v.                                                        No. 1:23-cv-00061-KG-JHR

DARRYL MORELAND and
DLM COLLISION,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Defendant Darryl Moreland is the owner of Defendant DLM Collision. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, Doc. 1, filed January 23, 2023 ("Complaint"). Plaintiff alleges that she had her car towed to Defendants to repair damages suffered in a car accident. *See* Complaint at 2. Plaintiff alleges that Defendant Moreland "allowed federal agents on his property and allowed the agents to search seize destroy and dismantle" her car. Complaint at 2. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for violation of her Fourth Amendment right to be secure against unreasonable searches and seizures, for violation of her Fourteenth Amendment rights of privacy, due process and equal protection of the law, and for violation of her Eighth Amendment rights regarding excessive bail, excessive fines and cruel and unusual punishments.[1] *See* Complaint at 3-4.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff:

"The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Complaint fails to

---

[1] It is not clear which Eighth Amendment rights Plaintiff asserts Defendant violated because it appears that some of the "Supporting Facts" on page 4 of the Complaint have been truncated. It is Plaintiff's responsibility to ensure that she files a complete amended complaint.

> state a claim pursuant to Section 1983 because there are no allegations that Plaintiff was deprived of federally protected rights by state actors. The Complaint alleges that "federal agents" searched and damaged Plaintiff's car. Because Plaintiff is proceeding *pro se*, the Court liberally construes the Complaint as asserting *Bivens* claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).
>
> The Complaint fails to state a claim upon which relief can be granted pursuant to *Bivens*. "In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the U.S. Supreme "Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ingram v. Faruque*, 728 F.3d 1239, 1243 (10th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). There are no allegations indicating that Defendants were federal actors.
>
> Plaintiff asserts the Court has jurisdiction pursuant to 18 U.S.C. § 2331(5) [definition of "domestic terrorism"] and 18 U.S.C. § 3117(b) [authorizing courts to issue warrants and orders for installation of a mobile tracking device]. *See* Complaint at 2. The Complaint fails to state a claim pursuant to 18 U.S.C. § 2331(5) and 18 U.S.C. § 3117(b), both of which are criminal statutes, because "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Order at 2-3, Doc. 5, filed January 26, 2023. Judge Ritter ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. Plaintiff did not file an amended complaint by the February 16, 2023, deadline.

The Court dismisses this case for failure to state a claim upon which relief can be granted. The Complaint fails to state *Bivens* claims, because there are no allegations that Defendants were federal actors, and Plaintiff did not file an amended complaint by the February 16, 2023, deadline.

Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs but did not sign the Affidavit in Support of the Application. *See* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 23, 2023. Judge Ritter notified Plaintiff that the Court must strike the Application if Plaintiff does not promptly

sign the Affidavit. *See* Order at 1-2 (quoting Fed. R. Civ. P. 11(a) regarding the requirement to strike unsigned documents not promptly corrected and setting a deadline of February 16, 2022, for Plaintiff to sign the Application). Plaintiff did not sign the Application by the February 16, 2023, deadline. The Court denies Plaintiff's Application as moot because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 23, 2023, is **DENIED as moot.**

_____
**UNITED STATES DISTRICT JUDGE**